# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED TRANSPORTATION UNION,
LOCAL 1745, and SILAS GARCIA,

        Plaintiffs,

v.                                               No. CIV 98-577 BB/RLP-ACE

CITY OF ALBUQUERQUE, CITY
LABOR MANAGEMENT RELATIONS
BOARD, JIM BACA, Mayor,
LAWRENCE RAEL, Chief Administrative
Officer, ANNE WATKINS, Transit
Department Director, and KAREN
MULLOY, D.O., M.R.O.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants' motion for summary judgment based on the doctrine of *res judicata*. Having reviewed the briefs and submissions of counsel and being duly advised, the Court FINDS the motion is well taken and it should be GRANTED.

Discussion

I. <u>Summary Judgment Standard</u>

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* The Court will consider Defendants' motion for summary judgment in light of these standards.

II. Facts

Plaintiff, Silas Garcia, was a bus driver for the City of Albuquerque working out of the Transit Department. Garcia was terminated because he was required by the Transit Department to submit to a random drug test which was reported as positive for marijuana. Garcia, , represented by the other Plaintiff, United Transportation Union, Local 1745 ("UTU"), requested a grievance hearing to challenge Garcia's termination and a hearing was held before the Personnel Board's hearing officer on April 19, 1996. Following the hearing, the hearing officer submitted a report of the hearing to the Personnel Board which recommended that the Personnel Board uphold the termination of Garcia.

On May 15, 1997, the Personnel Board reviewed the hearing officer's report and voted to reinstate Garcia with a sixty-day suspension and mandatory enrollment in the City's Employee Assistant Program ("EAP") with follow-up drug testing. Garcia enrolled in the EAP and tested negative on subsequent drug tests. After reviewing Garcia's counseling and medical records, however, the City's contract physician determined Garcia was unable to drive a motor coach. The City then offered Garcia a position as a security guard. The City informed Garcia that if he did not accept the security guard position, he would be "considered to have

voluntarily resigned" from City employment.  Garcia refused to return to work as anything but a bus driver.

The City also filed an action in state court challenging the Personnel Board decision ordering Garcia's reinstatement.  After remand from state court, an order upholding Garcia's termination was entered by the Personnel Board on October 15, 1997.  Garcia then brought his first federal lawsuit challenging his termination, *Garcia v. City of Albuquerque*, No. CIV-96-1459-MV/LCS.  On May 29, 1998, Judge Vázquez entered judgment in Defendants' favor.  Garcia also submitted a Prohibited Practice Complaint concerning Garcia's termination to the City Labor Board, No. LB-1996-10, in August 1996.  The Labor Board found "that it is without jurisdiction to rule on the disciplinary action taken against Mr. Garcia, and dismisse[d] those portions of the complaint focusing on that action."  City Labor Board Decision & Order at 3.

III.  Issue

Garcia does not challenge the fact that he tested positive for marijuana while employed as a City bus driver.  Rather, Garcia contends the City violated a host of his constitutional and federally protected labor rights by randomly testing him for drug usage.  To state the issue may explain why none of the various forums have provided Garcia more extensive hearings on

his claims.[1]  Nonetheless, Garcia has had the opportunity to expose every possible forum to his claims and arguments.

IV. Discussion

Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action. *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997); *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993). The purpose of *res judicata* is to "relieve parties of the cost and vexation of multiple lawsuits,

---

[1] In *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 633 (1989), the Supreme Court recognized the necessity for, and deterrent effect of, random blood, breath, and urine tests on railroad employees in safety sensitive positions saying:

> We conclude that the compelling Government interests served by the FRA's regulations would be significantly hindered if railroads were required to point to specific facts giving rise to a reasonable suspicion of impairment before testing a given employee. In view of our conclusion that, on the present record, the toxicological testing contemplated by the regulations is not an undue infringement on the justifiable expectations of privacy of covered employees, the Government's compelling interests outweigh privacy concerns.

Lower federal courts have routinely applied this rationale to the "safety-sensitive" position of bus driver. *See, e.g., Jones v. Jenkins*, 878 F.2d 1476 (D.C. Cir. 1989); *Holloman v. Greater Cleveland Regional Transit Auth.*, 741 F. Supp. 677 (N.D. Ohio), *aff'd*, 930 F.2d 918 (6th Cir. 1991); *Amalgamated Transit Union, Local 993 v. City of Oklahoma City*, 710 F. Supp. 1321 (W.D. Okla. 1988).

conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky*, 7 F.3d at 1467.

To bar a claim by *res judicata*, three elements must exist: (1) a final judgment on the merits in the prior suit; (2) identity of the cause of action in both suits; and (3) identity of parties or their privies in the two suits. *Id.; King*, 117 F.3d at 445. Since Judge Vázquez entered an order and judgment in No. CIV-96-1459, the first requirement is met.

Garcia argues the other two elements of *res judicata* are not satisfied. First, Garcia maintains this action is "based on different premises and claims" than the prior state or federal lawsuits. Pls.' Opp'n at 6. Second, that the first federal case "was filed by Silas Garcia alone" and that "[t]he Union and Mr. Garcia filed this Complaint (UTU & Garcia v. City, et al.), with new parties and new causes of action." Pls.' Opp'n at 21. Garcia is unable to hurdle the doctrine of *res judicata* with either argument.

A. <u>Garcia's current claims are precluded by his prior claims</u>

Garcia is again seeking to litigate claims deriving from his random testing and resulting termination as a bus driver with the City. Garcia challenged his termination through the City's administrative process and had an opportunity to raise his claims in the subsequent appeal in state district court. In addition, Garcia filed and litigated a federal lawsuit alleging many of the constitutional violations he now claims were the basis of his termination. A comparison of the present complaint to the complaint in Judge Vázquez's case, No. CIV-96-1459, makes

5

it clear the factual predicate is identical in each suit.[2] Indeed, Garcia's present Brief in Opposition merely paraphrases the language of the 1996 complaint. *Compare* 1996 compl. ¶¶ 4-6 *with* Opp'n at 6. Apparently, in recognition of this fact, paragraph 40 of the present complaint states:

> Plaintiff Silas Garcia has filed a Complaint in the U.S. District Court for the District of New Mexico concerning many of these matters; Plaintiffs intend to move the federal court to dismiss or abstain from hearing the pending state claims and administrative issues addressed herein.

The Tenth Circuit has adopted the "transactional approach" of the RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982) to determine what constitutes a single "cause of action." In *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1339 (10th Cir. 1988), the Court said:

---

[2] Placing the two complaints side by side, it is clear the factual basis for Garcia's claims are identical.

| 1996 Complaint | 1998 Complaint |
| --- | --- |
| ¶ 3 | ¶ 13 |
| ¶ 4 | ¶ 14 |
| ¶ 5 | ¶ 15 |
| ¶ 6 | ¶ 8 |
| ¶ 8 | ¶ 16 |
| ¶ 11 | ¶ 17 |
| ¶ 12 | ¶ 18 |
| ¶ 13 | ¶ 20 |
| ¶ 60 | ¶ 7 |
| ¶ 15 | ¶ 30 |
| ¶ 19 | ¶ 32 |
| ¶ 21 | ¶ 33 |
| ¶ 49 | ¶ 69 |

> [A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.

*Id.* quoting RESTATEMENT (SECOND) OF JUDGMENTS at 24.

In applying the transactional approach, "decisions in employment cases have determined under both federal and state law of judgments that where the thrust of both lawsuits is whether the plaintiff was wrongfully discharged, an adverse judgment in the first suit bars the second." *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1412 (10th Cir. 1997) (quoting *Ford v. New Mexico Dep't of Pub. Safety*, 891 P.2d 546, 554 (N.M. 1994)). *See also King v. Union Oil Co. of Cal.*, 117 F.3d at 443 (holding that employer's decision to terminate employee and its decision to refuse to pay severance benefits were part of series of connected transactions, and thus employee's unlawful discrimination and retaliation claims and ERISA claim for severance benefits were one, for purposes of *res judicata*).

In *Strickland*, the plaintiff, another Albuquerque City bus driver, was terminated due to a positive drug test. *Id.* at 1409-10. The plaintiff filed suit against the City in state district court seeking review of his termination. *Id.* While the state case was still pending, the plaintiff filed a federal lawsuit in which he pursued his § 1983 claims against the City. *Id.* Citing the RESTATEMENT (SECOND) OF JUDGMENTS § 24, the transactional approach, the Tenth Circuit

held that the federal action was barred by *res judicata* because both lawsuits arose out of the same transaction, *i.e.*, the plaintiff's termination. *Id.* at 1411.

Apparently recognizing his case is indistinguishable from *Strickland*,[3] Garcia attempts to rely on *Peter Chavez v. City of Albuquerque*, 952 P.2d 474 (N.M. App. 1997). Pls.' Opp'n at 17. However, since the question is the preclusive effect to give the federal judgment entered by Judge Vázquez, this Court will follow *Strickland* rather than *Peter Chavez*. *Strietmatter v. Proctor & Gamble Co.*, 657 F. Supp. 548 (D.N.M. 1983) (applying federal principles of collateral estoppel to federal judgments). *Cf. Amoco Prod. Co. v. Heimann*, 904 F.2d 1405 (10th Cir. 1990) (when considering decision of state agency, federal courts must apply state law to determine collateral estoppel effect). This is particularly appropriate in the present case since, unlike *Peter Chavez*, the determinative issue is not whether Garcia could have raised his federal labor law claims in a state agency but what claims could have been raised in his prior action in federal court.

As noted earlier, the factual basis for both the present suit and CIV-96-1459 is virtually identical, as both revolve around the City's testing and eventual termination of Garcia when he refused to accept either of the other non-safety sensitive employment positions offered by the City. It is clear, then, that the Defendants have satisfied the first two requirements of *res judicata*. The last requirement is privity.

---

[3] Nonetheless, Garcia recognizes, as he must, *Strickland* is "a contrary decision." Pls.' Opp'n at 18.

B. <u>Privity</u>

Rule 17(a) of the Federal Rules of Civil Procedure require that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The complaint states in the opening paragraph that UTU is representing Garcia in this action.[4] As a representative, UTU does not really have a material interest in the case. This is emphasized by Garcia's prayer for relief. Plaintiffs request eight forms of relief. The first six are directed toward restoring Garcia to his position as a bus driver, awarding damages, and punishing the City for its failure to do so. The seventh, to "[e]njoin and require the City Labor and Personnel Board to hear and decide cases promptly <u>and properly</u>" (emphasis added) could arguably benefit the UTU, but is not within this Court's power. *State of Cal. v. Settle*, 708 F.2d 1380, 1384 (9th Cir. 1983) (court cannot mandamus an agency to exercise its discretion in a particular fashion). Indeed, Garcia also seeks to review a decision of the City Labor Management Relations Board that they lacked jurisdiction to review employee disciplinary actions.

It is clear, therefore, that this case is but another attempt by Garcia to override the City's decision that an employee who is entrusted with the lives of passengers, other drivers, and pedestrians in operating a City bus may be randomly tested for drug use. Plaintiffs' claims have been paraded before various forums under various constitutional and statutory disguises,

---

[4] "United Transportation Union, Local 1745, is the labor union that represents City Motorcoach Operators and Sun Van Drivers." Compl. ¶ 1. Garcia is, of course, also named as a plaintiff in this lawsuit.

but all arise out of Garcia's challenge of the random testing and its consequences. The masquerade is over. All things must come to an end someday. Today must be that day for Garcia's claims arising from his drug testing and resulting termination.

## O R D E R

For the above stated reasons, Defendants' motion for summary judgment based on the doctrine of *res judicata* is **GRANTED.**

Dated at Albuquerque this 21st day of October, 1998.

**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiffs:
    Paul Livingston, Albuquerque, NM

Counsel for Defendants:
    Charles W. Kolberg, Assistant City Attorney, Albuquerque, NM