UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED TRANSPORTATION UNION,
LOCAL 1745, and SILAS GARCIA,

      Petitioners and Plaintiffs,

vs.                                        CIV. No. 98-577 BB/RLP

CITY OF ALBUQUERQUE, et al.,

      Respondents and Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of four different motions: Plaintiffs' motion to reconsider a partial summary judgment granted by this Court (Doc. 28); Plaintiffs' motion to remand several of the claims raised in the complaint (Doc. 30); Defendant City Labor-Management Relations Board's ("Board") motion to dismiss (Doc. 9); and Defendant Karen Mulloy's motion to dismiss or for summary judgment (Doc. 13). The Court has reviewed the parties' submissions and the applicable law and, for the reasons set forth below, determines that Plaintiffs' motions should be DENIED, the Board's motion should be GRANTED, and Mulloy's motion should be GRANTED. Following this Memorandum Opinion and Order, the Court believes the only claims remaining in the case are those of Plaintiff United Transportation Union ("Union") denominated as Counts 2 and 3 in the complaint.

**ANALYSIS**

**Motion to Reconsider and Motion for Remand:** Defendants moved for summary judgment on grounds of claim preclusion, or res judicata (Doc. 22). The motion was directed at all counts of the Complaint concerning Plaintiff Garcia's termination as a City employee following

his positive drug test. The basis for the motion was the fact that Garcia had already filed and lost a federal-court lawsuit arising out of his termination. This Court determined Defendants' claim-preclusion argument was meritorious, and granted summary judgment to the full extent requested by Defendants. Plaintiffs have moved for reconsideration, arguing this Court misapprehended the claims and arguments they were attempting to raise. Specifically, Plaintiffs maintain this Court erroneously assumed they were endeavoring to challenge the City's random drug-testing policy for safety-sensitive employees, and granted summary judgment on the strength of that assumption.

The Court notes there is one paragraph in the Court's summary-judgment opinion characterizing Garcia's contention as an attack on the constitutional and statutory validity of random drug testing. However, the Court was aware, and remains aware, that Garcia is not actually challenging the testing itself. Garcia's arguments have been directed toward challenging the consequences flowing from his positive drug test, rather than the underlying legality of the test. As the Court's opinion pointed out, these are the same claims and arguments raised and rejected in Garcia's prior federal-court lawsuit. As the opinion also pointed out, Garcia is not entitled to another opportunity to raise the same claims, simply because the Union has been added as a plaintiff. In sum, Defendants are entitled to summary judgment on all claims arising out of Garcia's termination, because he has already had an opportunity to present such claims to a federal court.[1]

---

[1] The Court notes Plaintiff's apparent argument that the previous decision by Judge Vasquez was wrong. Even if that were true, it is not grounds for avoiding the doctrine of claim preclusion. Garcia's avenue for challenging the decision made in the previous federal-court lawsuit is by way of appeal, not filing a new lawsuit.

Plaintiffs also ask this Court to remand the state-law claims raised by or on behalf of Garcia. This Court has discretion to retain or remand such claims, once the federal claims have been dismissed. The circumstances in this case do not counsel in favor of remand. Garcia has already had an opportunity to present to a federal court any claims arising out of his termination, whether those claims were based on federal or state law. His lawsuit raising those claims was dismissed. If this Court were to remand, rather than dismissing his resurrected claims, this already-protracted litigation would simply continue. Therefore, the Court declines the request to remand and will deny Plaintiffs' motion.[2]

Based on the foregoing discussion, the Court's previous grant of summary judgment on claim-preclusion grounds is reaffirmed, and Plaintiffs' motions seeking to set aside that judgment will be denied.[3]

**Mulloy's Motion to Dismiss or for Summary Judgment:** Defendant Mulloy is being sued for alleged professional malpractice. She has moved to dismiss or, in the alternative, for summary judgment. The Court need address only the request for summary judgment.[4]

---

[2]The state-law claims remaining in the case after this opinion, which have been raised by the Union, are a different matter. Remand of those claims may well be appropriate. However, the Court will refrain from deciding that issue at this time. It is possible the Union's claims are moot, since a case raising those issues was apparently pending before the Board some time ago. The parties are instructed to advise the Court of the status of the Union's claims at this time.

[3]As discussed below, Defendant Mulloy is in a different position than the other Defendants with regard to the claim-preclusion argument. She is therefore not included in the summary judgment granted on the basis of that principle. However, for the reasons discussed below, Plaintiffs' claims against her are dismissed on other grounds.

[4]Counsel for Mulloy has indicated her motion is moot, because the claim against her was included in the motion for summary judgment addressed in the Court's previous opinion, and the claim has therefore been resolved. It is not clear, however, that the claim should be considered resolved as against Mulloy, rather than the other Defendants. Although Mulloy was originally

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Mulloy's motion in light of these standards.

Dr. Mulloy was the Medical Director of the City's employee health center. Her involvement with Garcia was limited, her only contact with him being a brief evaluation she performed as a medical review officer. The purpose of that evaluation was to determine whether Garcia could return to work as a bus driver. Mulloy determined that Garcia could not do so,

---

included as a defendant in the previous federal-court action, she was dismissed as a party by stipulation. This dismissal occurred prior to the termination of the case. Therefore, Mulloy would be entitled to the protection of the claim-preclusion doctrine only if she is in privity with the City and other City-related Defendants. The authority the Court has located on the question indicates a government agency employee being sued individually is not in privity with the agency, for claim-preclusion purposes. *See Gonzales v. Hernandez,* 175 F.3d 1202 (10th Cir. 1999) (general weight of authority is that government employees in their individual capacities are not in privity with their employers). It appears Mulloy, as an employee of a company contracting with the City, would similarly not be in privity with the City.

4

since he had not yet completed a mandatory six-week regimen of drug-abuse therapy. Mulloy determined that Garcia could return to work for the City, but not as a bus driver. Plaintiffs maintain Mulloy's actions constituted professional malpractice.

Plaintiffs' claim against Mulloy can be summed up as follows: (1) Mulloy had a physician-patient relationship with Garcia; (2) Mulloy failed to act in Garcia's best interests during the process that followed Garcia's positive drug test; and (3) Mulloy committed professional malpractice in refusing to approve Garcia's return to work as a bus driver and, instead, limiting him to other positions with the City.

The undisputed facts show Mulloy was not Garcia's counselor and had no role in treating him for substance abuse or any other condition. As noted above, her involvement with Garcia was limited to assessing, on behalf of the City, whether Garcia was ready to return to work as a bus driver despite the substance-abuse issues raised by his positive drug test. Mulloy's actions were pursuant to her position as a medical review officer ("MRO"), a position required and regulated by the federal government. The first question that arises in this case, therefore, is whether Mulloy and Garcia had a physician-patient relationship.

The Court found no cases discussing the specific issue of whether an MRO has a physician-patient relationship with employees evaluated by the MRO. However, analogous authority strongly suggests the contrary conclusion. Although some form of limited duty might arise when a physician examines an employee at the behest of the employer, it is not reasonable to require the examining physician to assume the burdens of a full-blown physician-patient relationship. To do so may force the physician to act against the interests of the entity that hired the physician and is paying his salary, since the interests of the employee will often be different

5

than those of the employer. Therefore, the Court is guided by analogous authority and holds an MRO's evaluation of an employee, for the purpose of determining whether the employee is ready to return to work, does not create a physician-patient relationship between the MRO and the employee. *See, e.g.*, *Ney v. Axelrod*, 723 A.2d 719, 721-22 (Pa.Super. 1999) (physician performing pre-employment drug test is not liable in negligence to prospective employee; where third party has sponsored medical examination of person, no liability in negligence may be imposed on examiner by person examined); *Smith v. Welch*, 967 P.2d 727, 736 (Kan. 1998) (physician performing independent medical examination provided for by rules of civil procedure does not have physician-patient relationship with examinee); *Durso v. City of New York*, 673 N.Y.S.2d 651 (Sup. Ct. 1998) (physician employed by police department, and evaluating officer's back injury to determine whether officer was disabled from limited duty, had no physician-patient relationship with officer; general rule is physician-patient relationship does not exist where examination is conducted solely for purpose or convenience of employer); *Greenberg v. Perkins*, 845 P.2d 530, 533-35 (Colo. 1993) (reviewing cases in which physician conducts medical examination of a person at request of employer, insurer, or other third person; assuming no physician-patient relationship exists in such situation).[5]

The absence of a physician-patient relationship does not, however, in and of itself doom Plaintiffs' claim. Most courts addressing the issue have held that, while a physician-patient

---

[5]The Court notes Plaintiffs' argument that there is a question of fact about the existence of a physician-patient relationship, because the evaluation form signed by Dr. Mulloy called Garcia her "patient" and stated Garcia was under her "professional care." This preprinted form alone, in light of the evidence concerning Mulloy's functions and actions with respect to Garcia, is not sufficient to raise a genuine issue of fact. It is the substance of Mulloy's activities, not the form of the document she signed, that determines the existence of a physician-patient relationship.

relationship may not exist in the context of an examination conducted at the behest of a third party, the physician does owe some type of duty to the examinee. For example, the physician may not negligently injure the examinee during the course of the examination. *Id.* The recognition of some limited duty also appears consistent with New Mexico authority. *See Baer v. Regents of Univ. of California*, 884 P.2d 841, 845-46 (N.M.App. 1994) (when individual is obliged to submit to medical examination as condition of employment, that examination creates a duty toward the examinee; exact outlines of that duty need not be delineated, but may stretch as far as a duty to warn examinee of dangerous health conditions discovered during the examination). It would be incongruous, however, to decide an examiner hired by an employer owes a duty to the examinee to make a recommendation that is in the examinee's, rather than the employer's, best interests. Furthermore, in the particular context of this case, the MRO's duty of loyalty appears to be mandated by federal regulations to be toward the safety of the public, rather than the welfare of the individual employee. The MRO is required to ensure the individual has been evaluated by a rehabilitation counselor, to verify the individual is drug-free, and to be satisfied the individual has demonstrated compliance with the conditions of the rehabilitation program in which the individual participated. U.S. D.O.T. *Medical Review Officer Guide*, Exh. 3 to Mulloy's motion. Under these circumstances, the Court will hold Mulloy had no duty to Garcia, under tort law, to either properly treat him or to make a "proper" evaluation of his fitness to return to work as a bus driver. Therefore, Plaintiffs' professional malpractice claim against Mulloy will be dismissed.[6]

---

[6]The Court notes there are other reasons to dismiss this claim as well. For example, Plaintiffs presented no expert testimony that Mulloy's actions fell below the relevant standard of care. Plaintiffs' "expert" evidence consisted of written recommendations indicating the writers might not agree with Mulloy's evaluation. This is not sufficient to constitute the expert testimony required in New Mexico, to set forth a prima facie case of medical malpractice.

**City Labor-Management Board's Motion to Dismiss:** Since Garcia's claim against the Board has been dismissed on claim-preclusion grounds, the only count remaining against the Board is the Union's claim arising out of the Board's dismissal of the Union's prohibited-practice complaint. The Board contends it is entitled to absolute immunity, as a quasi-judicial administrative body. To determine whether this contention is correct, the Court must examine the procedures and functions of the Board as set out in the City's ordinances. *Cf. Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1529-30 (10th Cir. 1996) (examining issue of City Personnel Board's and Personnel Hearing Officer's absolute immunity). One function of the Board, and the one relevant to this case, is to review claims of prohibited labor practices by either the City or the Union. A controversy concerning a claimed prohibited practice is to be submitted to the Board within 30 days of the practice. City Ordinance § 3-2-9(D). At that point an adversary hearing is held, at which each side has the right to be represented by counsel, call witnesses, and present evidence. *Id.* Following this hearing the Board states it findings, determines whether a prohibited practice has been committed, and reports its findings to the Mayor. § 3-2-9(E). The Mayor then, at the request of the Board, petitions the appropriate district court to enforce the Board's determination. § 3-2-10(A).

The above functions and procedures appear to be indistinguishable, in practical terms, from those of the Personnel Hearing Officer ("PHO") in personnel cases. Like the PHO, the Board presides over an adversary hearing concerning a ripe controversy. Like the PHO, the Board is independent of either the City or the Union. § 3-2-14 (Board consists of three members, one appointed by Union, one appointed by Mayor, and one appointed by other two members). Like the PHO, the Board does not itself issue an enforceable order but reports its findings and

recommendations to another entity (the PHO reports to the personnel board, the Board reports to the Mayor), which apparently has final decision- making authority.[7] Therefore, *Saavedra*'s analysis is binding on the issue, and the Board is entitled to absolute immunity. The Board will therefore be dismissed as a party.[8]

**CONCLUSION**

Based on the foregoing discussion, the Court will deny Plaintiffs' motions for reconsideration and remand, grant Defendant Mulloy's motion for summary judgment, and grant Defendant Board's motion to dismiss. All of Plaintiff Garcia's claims have now been resolved, and he is dismissed as a party. Furthermore, Mulloy and the Board are dismissed as Defendants. This opinion and order renders moot Mulloy's motion to strike Plaintiffs' motion for reconsideration, and the motion to strike (Doc. 35) will therefore be denied. Finally, the parties are instructed to inform the Court as to the status of the Union's remaining claims.

---

[7]The City Ordinance is not clear on the issue of whether the Mayor is bound by the Board's report, or has discretion to reject it. The answer to that question does not, however, alter the resolution of the absolute-immunity issue.

[8]The Court notes the Union's argument that the Board has no actual adjudicatory powers, since it makes no final decision but merely submits its findings to the Mayor. As discussed above, the PHO is in the same position with respect to the binding nature of her decision. However, because of the adversary nature of the proceedings over which the PHO presides, the importance of the PHO's function despite the non-binding nature of the decision, and the potential for undue influence over the PHO's decision- making process if immunity were not granted, the Tenth Circuit determined PHOs are entitled to such immunity. Furthermore, if the Union's argument is correct and the Board's actions have no force or effect, it would appear the Union's petition for judicial review of the Board's actions is not ripe for review by this Court. *See, e.g., United States Defense Comm. v. Fed. Election Comm'n*, 861 F.2d 765, 772 (2d Cir. 1988) (discussing ripeness doctrine as applied to advisory opinions issued by administrative agencies).

**ORDER**     IT IS THEREFORE ORDERED that Plaintiffs' motion for reconsideration (Doc. 28) be, and hereby is, DENIED; that Plaintiffs' motion for remand (Doc. 30) be, and hereby is, DENIED; that Defendant Mulloy's motion for summary judgment (Doc. 13) be, and hereby is, GRANTED; that Defendant Mulloy's motion to strike (Doc. 35) be, and hereby is, DENIED; and that Defendant Board's motion to dismiss (Doc. 9) be, and hereby is, GRANTED.

DATED July 6th, 1999.

                                              BRUCE D. BLACK
                                              UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Plaintiffs**

Paul Livingston
P.O. Box 90908
Albuquerque, New Mexico 87199


**For Defendant City of Albuquerque
and other City Defendants**

Charles W. Kolberg
Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103

**For Defendant Dr. Mulloy**

James S. Bromberg
Cynthia L. Weisman
Sharp, Jarmie, Scholl & Bailey, P.A.
P.O. Box 27530
Albuquerque, New Mexico 87125

**For Defendant Labor-Management Board**

William D. Winter
Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103